**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENNETH CARSON,<br>Petitioner,<br>v.<br>RONALD BARNES,<br>Respondent. | Civil Action No.<br>1:25-cv-04203-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Regina D. Cannon [ECF 18], which recommends that Respondent Ronald Barnes's motion to dismiss the instant 28 U.S.C. § 2254 habeas corpus petition [ECF 12] be granted. Petitioner Kenneth Carson, proceeding *pro se*, timely filed objections [ECF 21]. Because Carson has not exhausted his state remedies, his objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. DISCUSSION

Carson filed this § 2254 habeas action to challenge his conviction in the Superior Court of Douglas County, Georgia.[1] Barnes moves to dismiss the petition as unexhausted.[2] Carson opposes the motion to dismiss, arguing only the merits

---

1 ECF 3.

2 ECF 12.

of his § 2254 claims.[3] The R&R concludes that Carson never presented his claims to the state courts in the first instance, as required by § 2254(b)(1).[4] Therefore, the R&R recommends that the petition be dismissed without prejudice.[5]

In his objections, Carson claims that he has exhausted all available remedies at the state level and that his counsel in the Douglas County proceedings was ineffective.[6] However, Carson does not indicate that he has filed a direct appeal or a state habeas action. Indeed, where Carson's amended petition form asks whether he sought further review of his conviction in a higher state court, Carson lists several cases filed in this Court[7] and refers to his pretrial motions in state court.

A district court may not grant a habeas corpus petition unless it appears that the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). Under Georgia law, "[a]ny person restrained of his liberty as a result of a sentence

---

3 ECF 17.

4 ECF 18.

5 *Id.*

6 ECF 21.

7 *See generally* ECF 3 (citing *Carson v. Camp*, No. 1:24-cv-03318-SDG (N.D. Ga.); *Carson v. Barnes*, No. 1:25-cv-04203-SDG (N.D. Ga.) (this case)).

imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(c).

"Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Additionally, the Supreme Court has held that § 2254's exhaustion requirement requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to exhaust his state remedies, his petition should be dismissed without prejudice to allow him to return to state court and exhaust the claims. *Mauk v. Lanier*, 484 F.3d 1352, 1358 (11th Cir. 2007) (citing *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1343–44 (11th Cir. 2007)).

Here, Carson has not sought any appellate review or brought habeas proceedings at the state level. Therefore, his claims are unexhausted and cannot be considered by this Court. Accordingly, his objections are overruled, and his petition is dismissed without prejudice.

Lastly, for the reasons stated in the R&R, a certificate of appealability is **DENIED**. Carson is advised that he may not appeal the denial but may seek a

certificate from the court of appeals under Fed. R. App. P. 22. *See* 28 U.S.C. § 2254, Rule 11(a).

## III. CONCLUSION

Carson's objections to the R&R [ECF 21] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 18] as the Order of this Court. Barnes's motion to dismiss [ECF 12] is **GRANTED**. Carson's petition is **DISMISSED without prejudice**. A certificate of appealability is **DENIED**.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge